IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PURA M. KOUMARIAN,<br><br>      Plaintiff,<br><br>  v.<br><br>CHASE BANK USA, N.A., et al.,<br><br>      Defendants.<br>_____/ | No. C-08-4033 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE COUNTERCLAIM** |

    Before the Court is plaintiff Pura M. Koumarian's ("Koumarian") "Motion to Strike Defendant's Counterclaim," filed September 28, 2008, by which Koumarian seeks dismissal of the Counterclaim filed herein by defendant Chase Bank USA, N.A. ("Chase"). Chase has filed opposition. Koumarian has not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for December 5, 2008, and rules as follows.

**BACKGROUND**

    On May 27, 2008, plaintiff filed the instant action in state court, alleging defendants violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq, and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et seq, by sending plaintiff an allegedly unlawful collection letter regarding a credit

card debt allegedly owed by plaintiff.  (See Compl. ¶¶ 13-16, 20.)  On August 25, 2008, Chase removed the action to district court.  Subsequently, Chase filed an Answer and a separate Counterclaim.  The Counterclaim alleges state law claims for breach of contract and money had and received, both arising out of the alleged underlying debt.  (See Counterclaim ¶¶ 7, 9.)  Koumarian contends this Court lacks subject matter jurisdiction over Chase's Counterclaim because such Counterclaim is neither compulsory with respect to Koumarian's FDCPA claim, pursuant to Federal Rule of Civil Procedure 13(a), nor within the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a).  Alternatively, Koumarian argues that even if the Court does have supplemental jurisdiction, the Court should decline to exercise that jurisdiction under § 1367(c).

## LEGAL STANDARD

Where, as here, the party challenging subject matter jurisdiction "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," the attack is considered "facial."  See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In reviewing a facial attack, the court must consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the [non-moving party]."  See Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  The burden of establishing subject matter jurisdiction, however, "rests upon the party asserting jurisdiction."  See Kokkonen v. Guardian Life Ins. Co. of Am, 511 U.S. 375, 377 (1994).

## ANALYSIS

**A.  Chase's Counterclaim Is Not Compulsory**

Under Federal Rule of Civil Procedure 13, counterclaims may be either compulsory or permissive.  See Fed. R. Civ. P. 13(a), (b).  A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."  See id. 13(a).  A permissive counterclaim is "any claim that is not compulsory."  See id. 13(b).  A counterclaim "arises out of the same transaction or occurrence" as the underlying claim, see id. 13(a), if such counterclaim meets the "logical relationship test."  See In re Lazar,

237 F.3d 967, 979 (2001) (internal quotation and citation omitted).  Under such test, "[a] logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant."  See id. (internal quotation and citation omitted).

Chase contends its Counterclaim is compulsory because the evidence required to prove such Counterclaim is, at least in part, the same as that required to prove Koumarian's FDCPA claims.  Specifically, Chase asserts that both Chase and Koumarian must establish the existence of an underlying debt.  (See Opp'n at 5-6.)  The Court disagrees.  In particular, Chase does not dispute that Koumarian need not prove, as Chase must, that the underlying debt is valid.  Indeed, the FDCPA defines a "debt" to include an "alleged obligation," see 15 U.S.C. § 1692a(5), and, as the Ninth Circuit has noted, the statute "is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists."  See Baker v. G.C. Servs. Corp., 677 F.2d 775, 777 (9th Cir. 1982).

Moreover, although the Ninth Circuit has not addressed the instant question, a number of district courts have concluded that such a counterclaim is not compulsory, for the reason that the evidence required to prove the counterclaim is distinct from that required to prove the FDCPA claim.  See, e.g., Campos v. Western Dental Servs., Inc., 404 F. Supp. 2d 1164, 1169 (N.D. Cal. 2005) (holding counterclaim for underlying debt in FDCPA action not compulsory; noting "plaintiff needs to prove evidence of the allegedly abusive collection practices, while defendant . . . would have to prove the existence of a valid contract"); Leatherwood v. Universal Bus. Serv. Co., 115 F.R.D. 48, 49-50 (W.D.N.Y. 1987) (finding "the evidence needed to support each claim differs"; noting although plaintiff therein needed to produce only letters demanding payment of debt, counterclaim would require proof "that the plaintiff has an obligation and that there was a default on payments").  The Court finds the reasoning of such cases persuasive and equally

3

applicable to the instant action; in particular, proof of Koumarian's FDCPA claim will require evidence of defendants' conduct in attempting to collect the debt Chase claims Koumarian owes, whereas proof of Chase's Counterclaim will require evidence that the debt in question is valid and due.[1]

Accordingly, the Court finds Chase's Counterclaim is not compulsory.

**B. The Court Has Supplemental Jurisdiction over Chase's Permissive Counterclaim**

The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides, in relevant part:

> [I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

See § 1367(a). Where a counterclaim meets the above-stated requirements, a court may exercise supplemental jurisdiction over such claim, even if no independent basis for jurisdiction exists. See Jones v. Ford Motor Credit Co., 358 F.3d 205, 213 (2d Cir. 2004) (holding, in action under Equal Credit Opportunity act in which defendant counterclaimed for underlying debts of plaintiff class members, "section 1367 has displaced, rather than codified, whatever validity inhered in the earlier view that a permissive counterclaim requires independent jurisdiction (in the sense of federal question or diversity jurisdiction)"; noting "[t]he issue in this case therefore becomes whether supplemental jurisdiction is available for [defendant's] counterclaims"); Channell v. Citicorp Nat'l Servs., Inc., 89 F.3d 379, 385 (7th Cir. 1996) (holding, in action under Consumer Leasing Act in which defendant counterclaimed for underlying debts of plaintiff class members, "[n]ow that Congress has codified the supplemental jurisdiction in § 1367(a), courts should use the

---

[1] The only case cited by Chase in which a counterclaim for an underlying debt was held to be compulsory in an action alleging unfair lending practices, Plant v. Blazer Finan. Servs., Inc., 598 F.2d 1357 (5th Cir. 1979), is distinguishable. In Plant, decided before the enactment of § 1367, both the plaintiff's claim under the Truth in Lending Act and the defendant's counterclaim for the underlying debt were dependent upon evidence of the circumstances under which the parties entered into the loan transaction. See id. at 1359 (noting plaintiff's claim was based on defendant's alleged "failure to make [statutorily-required] disclosures" in contract upon which defendant brought counterclaim).

4

language of the statute to define the extent of their powers").[2]

Although the scope of § 1367(a)'s reach remains "unsettled," see Jones, 358 F.3d at 212 n.5, it is at least as broad as the pre-§ 1367 test announced in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966), which required that state and federal law claims "derive from a common nucleus of operative fact," see id.; see also Jones, 358 F.3d at 212 & n.5 (noting "[t]here is some doubt as to whether section 1367's expansion of supplemental jurisdiction to its constitutional limits renders the provision's scope broader than was contemplated in Gibbs").

Here, Chase's Counterclaim, although not "arising" from the same "transaction or occurrence" as Koumarian's FDCPA claim, see Fed. R. Civ. P. 13(a), nonetheless "derive[s] from a common nucleus of operative fact," see Gibbs, 383 U.S. at 725, in that both claims are related to a single debt allegedly owed by Koumarian to Chase. In numerous cases brought under the FDCPA, district courts have held supplemental jurisdiction to exist over the defendant's counterclaim for the underlying debt. See, e.g., Campos, 404 F. Supp. 2d at 1169 (holding supplemental jurisdiction existed over counterclaim for underlying debt where counterclaim and FDCPA claim both "related to the single debt incurred by plaintiff"); Sparrow v. Mazda Am. Credit, 385 F. Supp. 2d 1063, 1070 (E.D. Cal. 2005) (same); Bakewell v. Fed. Finan. Group, Inc., No. 1:04-CV-3538-JOF, 2006 WL 73907, at *4 (N.D. Ga. Mar. 21, 2006) (holding supplemental jurisdiction existed over defendant's counterclaim for underlying debt in action alleging unlawful communication with debtor under FDCPA; noting "[p]laintiff's FDCPA claim and [d]efendant's claim for the underlying debt arise from a common nucleus of operative fact" (internal quotation and citation omitted)).

Accordingly, the Court has supplemental jurisdiction over Chase's Counterclaim.

//

---

[2] Although the Ninth Circuit has not addressed the issue of whether a permissive counterclaim requires an independent basis for jurisdiction after the enactment of § 1367, the Court finds the reasoning of Jones and Channell persuasive.

**C. Discretion to Decline Supplemental Jurisdiction**

Where supplemental jurisdiction exists, a district court nonetheless may decline to exercise such jurisdiction. In particular, § 1367(c) provides as follows:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

See § 1367(c). In the instant action, Koumarian argues that allowing a defendant to seek to collect the underlying debt in a federal action to enforce the FDCPA "might well have a chilling effect on persons who otherwise might and should bring suits such as this." See Leatherwood, 115 F.R.D. at 50. In response, Chase argues that any "chilling effect" identified by Koumarian is outweighed by the interests of judicial economy, efficiency, and fairness, all of which would be promoted by the exercise of supplemental jurisdiction. See Gibbs, 383 U.S. at 726 (noting justification for pre-§ 1367 doctrine of pendent jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims").

Here, given the relatively small amount of the alleged debt, $3,086.23 plus interest from September 12, 2008 (see Counterclaim at 3), it appears unlikely that the Court's exercise of supplemental jurisdiction over Chase's Counterclaim against Koumarian would have a "chilling effect" on Koumarian's FDCPA claim or on potential analogous claims made by similarly situated individuals. Nor can Koumarian "expect a court to . . . use the fact that case-by-case enforcement is expensive . . . (perhaps too expensive to justify independent legal action) to bestow on [her] a legal right to avoid collection," if the debt at issue is in fact valid. See Channell, 89 F.3d at 386. Finally, as Chase points out, the exercise of supplemental jurisdiction in the instant action will promote the goals of judicial economy and efficiency, as all claims related to the alleged debt incurred by Koumarian will be resolved in a single action. See Gibbs, 383 U.S. at 726.

Accordingly, the Court does not decline to exercise supplemental jurisdiction over

Chase's Counterclaim.

## CONCLUSION

For the reasons stated above, Koumarian's motion to strike Chase's Counterclaim is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 3, 2008

MAXINE M. CHESNEY
United States District Judge